FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 2 0 2019
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GLOBAL PLANTATION INVESTMENT
DEEP CREEK, LLC,
                Plaintiff,
-against-

YIN XIA, SHI MING QIU, TMCM HEALTH
CARE,
                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
17-CV-4294 (CBA) (ST)

**AMON, United States District Judge:**

Plaintiff Global Plantation Investment Deep Creek, LLC ("Global Plantation"), a Florida corporation with its principal place of business in New York, commenced this breach of contract action against Defendants Yin Xia and Shi Ming Qiu, individual residents of China, and TMCM Health Care, a business based in China. (D.E. # 5 ("Am. Compl.").) The Clerk of Court entered default against all Defendants on August 6, 2018, (D.E. # 19), and Global Plantation moved for default judgment against all Defendants that same day, (D.E. # 20). This Court referred the motion for default judgment to the Honorable Steven Tiscione, United States Magistrate Judge, (D.E. dated Aug. 6, 2018), who thereafter issued a Report and Recommendation ("R&R") recommending that the Court deny Global Plantation's motion for default judgment and sua sponte dismiss the action with prejudice for lack of personal jurisdiction. (D.E. # 26.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

1

The Court has reviewed the R&R and the record and, finding no clear error, adopts the well-reasoned R&R as the opinion of the Court, except that portion recommending that dismissal be with prejudice. Accordingly, the Court denies Plaintiff's motion for default judgment and dismisses this action for lack of personal jurisdiction, without prejudice to refiling in a jurisdiction in which personal jurisdiction over Defendants can be obtained. See Smith v. United States, 554 F. App'x 30, 32 n.2 (2d Cir. 2013). The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: March 19, 2019
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge